# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ARIC W. HALL | § | |
| | § | |
| vs. | § | CASE NO. 6:15-CV-803 |
| | § | |
| TEXAS COMMISSION ON LAW ENFORCEMENT et al. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation ("R&R") of the United States Magistrate Judge, which contains her findings, conclusions and recommendation for the disposition of this matter, has been presented for consideration. The R&R recommends that Defendants' Second Amended Motion to Dismiss (Doc. No. 27) be granted and that the complaint be dismissed with prejudice. Plaintiff filed written objections to the R&R on August 30, 2016. Having made a *de novo* review of the written objections filed by Plaintiff in response to the R&R, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.

Plaintiff first objects to the R&R's finding that Plaintiff's claims against Defendant Texas Commission on Law Enforcement ("TCLE") are barred by sovereign immunity under the Eleventh Amendment of the United States Constitution. (Doc. No. 56 at 2–3). In the first part of this objection, Plaintiff invites the Court to overrule *Hans v. Louisiana*, 134 U.S. 1 (1890). (*Id.* at 2). The Court declines. Only the Supreme Court may overrule a Supreme Court decision. *Medellin v. Dretke*, 371 F.3d 270, 280 (5th Cir. 2004).

In the second part of this objection, Plaintiff alleges that "TCLE, a state agency, waived its sovereign immunity by accepting grants or other funds from the federal government that stipulate a waiver of such immunities." (*Id.* at 3). In the R&R, the Magistrate Judge correctly found that the burden is on Plaintiff to show that jurisdiction does exist—that TCLE waived sovereign immunity—and that Plaintiff has not met this burden. (Doc. No 54 at 5).

Plaintiff's factual allegations in support of his contention that TCLE waived immunity are insufficient. Plaintiff asserts that TCLE was "founded with federal grants" and cites *South Dakota v. Dole*, 483 U.S. 203 (1987) for the proposition that federal grants may stipulate that states waive sovereign immunity. Rather than the waiver of sovereign immunity, *Dole* discusses the extent to which the federal government may condition the grant of federal funds on participation by state officials (in that case, the legislature) in a federal program. It implicates the Tenth rather than the Eleventh Amendment. Regardless, even if some federal grants did require that states waive sovereign immunity, Plaintiff's allegations do not rise above mere speculation that the particular grants under which TCLE may currently be operating include such provisions. Plaintiff's direct allegations of waiver are not allegations of fact, but rather are legal conclusions. The Court is not required to accept legal conclusions as true in evaluating a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). In sum, Plaintiff's allegations do not raise more than the "sheer possibility" that TCLE waived sovereign immunity; because they do not "state a claim to relief that is plausible on its face," the Magistrate Judge was correct that they should be dismissed.

Plaintiff's second objection to the R&R asserts that *Ex parte Young*, 209 U.S. 123 (1908), authorizes his suit for injunctive relief against the individual Defendants in their official capacity.

*Ex parte Young* authorizes suits against state officials in their official capacities seeking to enjoin the enforcement of an unconstitutional act. (Docket No. 54 at 5 (citing 209 U.S. 123, 160 (1908))). As the Magistrate Judge stated, however, "[i]ndividual officials may only be liable for implementing a policy that is 'a radiation of constitutional rights' and 'the moving force of the constitutional violation.'" (*Id.* at 6 (citing *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)). The Court agrees with the Magistrate Judge's conclusion in this regard that Plaintiff does not allege facts that, taken as true, establish an unconstitutional policy. (*See id.*). As such, *Ex parte Young* is not implicated, and Plaintiff's claims against the individual Defendants acting in their official capacity are barred.

For the same reason, Defendants acting in their individual capacities are entitled to qualified immunity. (Docket No. 54 at 7 (citing *Estep v. Dallas County, Texas*, 310 F.3d 353, 363 (5th Cir. 2002))). Having reviewed the factual allegations, the Court agrees with the Magistrate Judge that Plaintiff's allegations, taken as true, "do not show that Defendants violated Plaintiff's constitutional rights or that Defendants' conduct was objectively unreasonable in light of clearly established law." (Docket No. 54 at 8 (citing *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010))). Therefore, Plaintiff's claims against the individual Defendants must also be dismissed.

It is therefore **ORDERED** that the Report and Recommendation filed on August 16, 2016 is **ADOPTED** and the complaint is **DISMISSED WITH PREJUDICE**.

Any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 26th day of September, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE